MORRIS STEINBERG, Appellant, *v.* AARON D. LUBELL and Others, Copartners Trading under the Firm Name and Style of LUBELL BROTHERS, Respondents.

First Department, March 27, 1925.

Malicious prosecution — probable cause — plaintiff was indicted for larceny, but indictment was subsequently dismissed — evidence showed that plaintiff conspired with receiving and shipping clerk of defendant to sell to defendant its own goods — verdict in favor of plaintiff properly set aside.

A verdict in favor of the plaintiff, in an action for malicious prosecution, was properly set aside by the trial court, since, while an indictment against the plaintiff for grand larceny was dismissed, it appears by the evidence that the plaintiff entered into a conspiracy with the receiving and shipping clerk of the defendant, whereby the plaintiff sold the defendant its own goods from samples furnished to the plaintiff by the receiving and shipping clerk, and that the plaintiff rendered bills to cover such fictitious sales and received the money therefor.

APPEAL by the plaintiff, Morris Steinberg, from so much of an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 3d day of July, 1922, as grants defendants' motion to set aside a verdict in plaintiff's favor for the sum of $10,000 in an action for malicious prosecution.

*Bijur & Herts [Harry Bijur* of counsel; *Harold H. Herts* with him on the brief], for the appellant.

*I. Maurice Wormser [Isaac Cohen* with him on the brief], for the respondents.

MARTIN, J.:

The plaintiff appeals from an order by which the trial justice set aside a verdict rendered in his favor in an action for malicious prosecution.

He alleges that the defendants on or about the 13th day of June, 1918, appeared before the grand jury of New York county for the purpose of procuring an indictment against him; that the defendants

before the grand jury falsely, maliciously and without any reasonable or probable cause, charged him with having committed the crime of grand larceny; that they falsely and maliciously, without reasonable or probable cause, procured the grand jury to find an indictment against him; that they procured a warrant for his arrest on the indictment; that they caused him to be arraigned before the Court of General Sessions; and that the indictment was subsequently dismissed.

The plaintiff asserts that during the month of February, 1918, he was introduced to one Abraham Slevin, who was employed by the defendants as a receiving and shipping clerk; that Slevin invited him to visit defendants' place of business; that he did a few days later visit there; and that shortly thereafter he made several purchases of goods from defendants.

During the same month, and at a time when plaintiff was at defendants' place of business, Slevin approached him with a proposition to sell some merchandise.

He told plaintiff he had been thinking of leaving Lubell Brothers to go into business for himself, but the person with whom he intended to engage in business had been drafted into the army so that he had goods on hand which he desired to sell. He insisted that plaintiff sell to Lubell Brothers exclusively.

Thereafter plaintiff presented to defendants samples of the cloth he had received from Slevin. He did not inform them, however, that he was selling goods belonging to their shipping clerk. Quite the contrary, he represented that the goods were his own, saying he could make immediate delivery. The merchandise was in fact defendants', though they did not know it, and they gave an order for immediate delivery.

The first of these sales occurred on February 27, 1918. Between that date and May 21, 1918, the plaintiff continued to sell to the defendants.

In connection with making deliveries the following course was pursued: Immediately after defendants had given plaintiff an order he would report it to Slevin who, in a day or two, would give him a memorandum purporting to show that the goods had been delivered. Plaintiff would, in some instances, make out an invoice on the stationery of his own firm, National Apron Company, and, in other instances, would make the invoice out on the stationery of another firm in which he also had an interest, Fry & Rosch. For each invoice he obtained the details from Slevin. The invoices he mailed to defendants.

It is respondents' contention that by this course of dealing plaintiff falsely represented to defendants that he had title to and

owned the merchandise for which he obtained their orders, representing that he had it either at his place of business or on order in his own name.

These sales continued until May 21, 1918, when plaintiff called with a sample which one of the defendants recognized as being from their own stock.

When they discovered the facts they called upon the plaintiff, and he stated he would reimburse them although he had been defrauded by Slevin. Defendant, A. D. Lubell, then consulted a lawyer who advised going to the district attorney, to whose office defendants thereafter went with their attorney, and the matter was assigned to an assistant district attorney. This assistant testified that defendants lodged a complaint against Slevin but not against the plaintiff; but that he sent for the plaintiff. After investigating the case he advised defendants to prosecute Slevin, he having confessed and there being no doubt of his guilt. He also told defendants that, as Slevin was unreliable, he would not believe him and that in his opinion the uncorroborated testimony of Slevin, even with the written evidence, was not sufficient to obtain a conviction of Steinberg, the plaintiff.

The record before us discloses the fact that there was ample corroboration to warrant the indictment and conviction of plaintiff. Instead of seeking damages for malicious prosecution, plaintiff should consider himself fortunate in escaping conviction for larceny. He admitted that Slevin warned him he must sell to none but the defendants. This should have put him on inquiry. He not only followed the directions given him by defendants' receiving and shipping clerk, but he also concealed the fact that he was selling for Slevin, making it appear that the goods sold were his property. Instead of making the bills out in Slevin's name, he made them out on the letterheads of his own concerns. Thus he concealed the identity of the seller and represented he was the owner of the goods, to aid in carrying out the larceny. He billed the goods as having been delivered without having made an attempt to obtain information as to deliveries. Moreover, he says he received only a small portion of the proceeds, although the goods were all billed in his name as his goods and he received payment therefor.

The record indicates that he knowingly aided in the larceny and that the defendants were justified in having him indicted.

The order, so far as appealed from, setting aside the verdict should be affirmed, with costs.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Order, so far as appealed from, affirmed, with costs.